UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOROTHY L GOUBERT                          CIVIL ACTION

VERSUS                                     NO. 04-2062

TERREBONNE PARISH                          SECTION "R" (5)
CONSOLIDATED GOVERNMENT, ET AL

**ORDER**

Defendant State of Louisiana moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS defendant's motion.

**I.   FACTUAL BACKGROUND**

Plaintiff Dorothy Goubert, a 63 year-old white woman, worked as a medical record clerk at the Terrebonne Parish Health Unit from 1989 until she was fired on February 20, 2004. On May 3, 2004, Goubert timely filed a complaint with the United States Equal Employment Opportunity Commission, alleging that she was terminated as a result of discrimination on the basis of her age and race. She named the Terrebonne Parish Consolidated

Government (TPCG) as the "Employer, . . . or State or Local Government Agency that [she] Believe[d] Discriminated Against [her]." The EEOC issued Goubert a right to sue letter on May 4, 2004. Goubert timely filed a complaint against TPCG in this Court on July 22, 2004, alleging age and race discrimination, in violation of Title VII of the Civil Rights Act of 1964. On October 31, 2005, Goubert filed an amended complaint, naming the State of Louisiana, through the Department of Health and Hospitals (DHH) as a defendant and alleging that its actions in terminating her employment violated both Title VII and 42 U.S.C. § 1981. DHH filed a motion to dismiss these claims for lack of subject matter jurisdiction. The Court dismissed the claims under section 1981 but denied the motion as to the Title VII claims. DHH now moves for summary judgment as to the Title VII claims. It asserts that the statute of limitations for filing suit against it expired before Goubert amended her complaint. Further, it asserts that Goubert has no factual support for her claims of discrimination.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.    Whether Goubert's Suit Against DHH was Timely**

DHH contends that Goubert's suit against it was untimely. Title VII requires a person who claims discrimination or retaliation to file a civil action within ninety days after the person receives a right to sue letter. 42 U.S.C. § 2000e-5(f)(1). Courts strictly construe the requirement that the lawsuit be filed within the 90-day period. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985); *Stelly v. Air Logistics, L.L.C.*, 2005 WL 1630031 (W.D. La. 2005). Courts within this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Espinoza*, 754 F.2d at 1249 (affirming the dismissal of an action filed 92 days after the right to sue letter arrived at plaintiff's home); *Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D. La. 2001) (dismissing Title VII claims when a *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented filing on the ninetieth day, as planned, by family illnesses). The ninety-day filing period is akin to a statute of limitations. *Espinoza*, 754 F.2d at 1249 n. 1 ("We note, however, that commencing an action

within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations.").

A statute of limitations defense is an affirmative defense. *See* Fed. R. Civ. P. 8(c). The party who pleads an affirmative defense must prove it. *See United States v. Cent. Gulf Lines, Inc.*, 974 F.2d 621, 629 (5th Cir. 1992). The EEOC mailed Goubert her right-to-sue letter on May 4, 2004. She sued TPCG on July 22, 2004. She amended her complaint to add DHH as a defendant over a year later on October 31, 2005. By pointing out the gap between the date Goubert received her right-to-sue letter and the date on which she amended her complaint to add DHH as a defendant, DHH has met its burden of proving that Goubert's suit would ordinarily be untimely. Consequently, unless an exception to the ninety-day requirement applies, Goubert's suit was untimely and should be dismissed.

At oral argument, plaintiff contended that her amended complaint relates back to her original complaint because DHH and TPCG were involved in a "joint venture," namely the Health Unit where Goubert worked. The standard for determining when an amended complaint relates back to an original complaint is set forth in Fed. R. Civ. P. 15(c). Rule 15(c) authorizes relation back only under certain circumstances:

>     (1) relation back is permitted by the law that provides
>     the statute of limitations applicable to the action, or
>     (2) the claim or defense asserted in the amended
>     pleading arose out of the conduct, transaction, or
>     occurrence set forth or attempted to be set forth in
>     the original pleading, or
>     (3) the amendment changes the party or the naming of
>     the party against whom a claim is asserted if the
>     foregoing provision (2) is satisfied and, within the
>     period provided by Rule 4(m) for service of the summons
>     and complaint, the party to be brought in by amendment
>     (A) has received such notice of the institution of the
>     action that the party will not be prejudiced in
>     maintaining a defense on the merits, and (B) knew or
>     should have known that, but for a mistake concerning
>     the identity of the proper party, the action would have
>     been brought against the party.

Fed. R. Civ. P. 15(c).  Thus, when an amended complaint changes the name of a party or substitutes a new party, it must arise out of the same circumstances asserted in the original pleading, the new party must have received sufficient notice of the action within the 120-day period provided under Rule 4(m) so as not to be prejudiced, and the proper party must at least have constructive knowledge but for a mistake concerning the identity of the proper party, suit would have been brought against it.

It is undisputed that the amended complaint arises out of the same circumstances as the original complaint.  But plaintiff does not point to any facts tending to show that DHH received formal or informal notice of the suit within 120 days of its filing.  On a motion for summary judgment, the plaintiff must prove that the added defendant received timely notice of the

6

suit. *Smith v. Chrysler Corp.*, 45 Fed. Appx. 326 at *2 (5th Cir. 2002) (nonmoving party must offer some proof assuring the Court that he may prevail at trial on the issue of notice). The Court might infer notice if plaintiff could show an "identity of interest" between the two parties, such that the institution of an action against TPCG served to provide notice of the litigation to DHH. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). In *Jacobsen*, plaintiff originally sued the city of New Orleans and one of its police officers. *Id*. at 317. Plaintiff later moved to substitute two other officers for the one he originally sued because he discovered that he was mistaken as to the identity of the arresting officer. *Id*. at 317-18. The Fifth Circuit found a sufficient identity of interest between the original officer and the substituted officers because the original complaint was served on the city's attorney, who would have necessarily represented all of the officers in any litigation. *Id*. at 320. The court found that because the city's attorney would have given notice to the newly-named officers when he investigated the allegations of complaint on behalf of the city, the officers had sufficient notice of the action to satisfy Rule 15(c). *Id*. Here, plaintiff argues that the suit against the parish governing authority in Terrebonne Parish was sufficient to notify DHH, which is a state agency headquartered

in Baton Rouge.  Goubert does not even allege that these two government entities, one state and the other local, maintained any overlapping legal infrastructure such that notice to TPCG was tantamount to notice DHH.  Plaintiff has not shown that DHH would have or should have known of the lawsuit simply because plaintiff sued Terrebonne Parish.  While the two government agencies were apparently involved in the health unit, that does not mean these agencies are so intertwined that suit against once equals suit on the other.  Nor does Goubert allege that the state was ever served with a complaint until after Goubert filed her amended petition in October of 2005.  Plaintiff does assert that DHH was aware of the action on July 21, 2005, the date on which three employees of the health unit were deposed.  This date was almost exactly one year after Goubert filed suit, considerably longer than the 120 day period provided by Rule 4(m).

    Rule 15(c) does not permit relation back here for another reason.  Goubert clearly was not mistaken about the identity of correct defendant.  She did not misidentify TPCG, rather she intended to sue TPCG and she did.  Goubert allegedly did not know that there was another party involved in her firing, and decided to sue that party once she learned about it.[1]  The purpose of

---

[1] Plaintiff's asserted ignorance of DHH's role in the health unit when she filed suit is belied by her deposition testimony.

Rule 15(c) is to allow plaintiffs to correct honest mistakes as to the name of a party, and it does not apply when plaintiff simply lacks knowledge of the proper party. *See, e.g., Wilson*, 23 F.3d at 563 ("In other words, [plaintiff] fully intended to sue [defendant], he did so, and [defendant] turned out to be the wrong party. We have no doubt that Rule 15(c) is not designed to remedy such mistakes."). In *Jacobsen, supra*, the Fifth Circuit adopted this view and held that Rule 15(c) does not permit relation back when the plaintiff adds individuals whose identity was unknown to the plaintiff. Rather, the court indicated that the rule applies when plaintiff is simply mistaken as to the parties' names. The Court thus finds that Rule 15(c) does not allow Goubert's claims against DHH to relate back to her original complaint. Because Goubert offers no other reason that the 90-day limit in 42 U.S.C. § 2000e-5(f)(1) should not apply, the Court finds that these claims are untimely and must be dismissed. For the foregoing reasons, the Court GRANTS defendant's motion

---

There, she stated that she was hired at the health unit by a state employee and that the health unit was a state facility. (Def. Ex. 5, Goubert depo. at 25-27.)  Further, Goubert's termination letter was on DHH stationery. (Def. Ex. 6, letter dated February 16, 2004).  There were also written warnings to Goubert dated March 25, 2003 and March 27, 2003, both on DHH stationery.  (Def. Ex. 6, Warnings dated March 25, 2003 and March 27, 2003).  Given the information available to Goubert, she appears to have slept on her rights in not suing the state until 15 months after she sued TPCG.

for summary judgment.

New Orleans, Louisiana, this __21st__ day of August, 2006.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE